UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In Re:

BRUCE JOHNSON
*aka* BRUCE DE-SHAWN JOHNSON,

              Debtor.

Case No.: 18-40920-nhl
Chapter 13

Assigned to:
Hon. Nancy Hershey Lord
Bankruptcy Judge

---

## OBJECTION TO DEBTOR'S REQUEST FOR LOSS MITIGATION

Franklin Credit Management Corporation, as servicer for Deutsche Bank National Trust Company, As Trustee, for Bosco Credit V Trust Series 2012-1 ("Deutsche Bank"), by and through its counsel, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., objects to the Debtor's Request for Loss Mitigation dated March 27, 2018, and respectfully represents and states as follows:

1. On information and belief, on October 26, 2006, American Brokers Conduit ("ABC") advanced a loan to the Debtor in the amount of $1,000,000.00 in consideration for a promise to repay said sum with interest and fees (the "Senior Note") and a security interest (the "Senior Mortgage") in the real property commonly known as 85 South Portland Avenue, Brooklyn, NY 11207 (the "Premises"). A copy of the Senior Mortgage is annexed to this objection as **Exhibit A**.

2. On that same day, ABC advanced a second loan to the Debtor in the amount of $200,000.00 in consideration for a promise to repay said sum with interest and fees (the "Junior Note") and a security interest (the "Junior Mortgage") in

the Premises.  A copy of the Junior Note, Junior Mortgage, and related assignments is annexed to this objection as **Exhibit B**.

3. On information and belief, The Bank of New York is the holder of the Senior Note and Senior Mortgage.

4. Deutsche Bank is the holder of the Junior Note and Junior Mortgage.

5. The Debtor has not remitted any payments under the Junior Note.  There remains a first payment default on the Junior Note and Junior Mortgage.

6. As no interest is being charged on the Junior Note, the entire original principal balance became due on or about November 1, 2015.

7. Deutsche Bank anticipates filing a proof of claim in this case by the May 2, 2018 deadline that will claim the original principal balance of $200,000.00 due.

8. On information and belief, BNY scheduled a sale of the Premises at foreclosure for February 22, 2018, which is the day following the date upon which this case commenced.  The Debtor filed a Motion by Order to Show Cause to stay the sale, which the Supreme Court for the County of Kings declined to sign.  A copy of the Motion by Order to Show Cause is annexed to this objection as **Exhibit C**.

9. On February 21, 2018, the Debtor filed a voluntary petition under chapter 13 of Title 11 of the United States Code, and an order for relief was duly entered.

10. On March 25, 2018, the Debtor filed Schedules of Assets and Liabilities ("SOAL") and Statement of Financial Affairs ("SOFA") (ECF Doc. No. 14).

The Debtor omitted BNY's Senior Mortgage claim from the SOAL, but mentioned the related foreclosure litigation in question 9 of the SOFA.

11. On March 25, 2018, the Debtor filed a chapter 13 plan (the "Plan") that does not provide for BNY's Senior Mortgage claim. The Plan contemplates a loan modification with Deutsche Bank, but not with BNY.

12. On March 27, 2018, the Debtor filed an amended request for loss mitigation (the "Loss Mitigation Request") respective of the Junior Note and Junior Mortgage.

## **OBJECTION**

13. Deutsche Bank objects to the Loss Mitigation Request because the Plan does not provide for BNY's Senior Mortgage claim. As written, the Plan does not contemplate curing the arrears owed to BNY, maintaining contractual payments to BNY, or modifying BNY's rights under the Senior Note and Senior Mortgage. Consequently, it is highly likely that BNY's sale of the Premises at foreclosure will promptly follow a termination of the automatic stay, whether such termination is by motion of BNY or upon termination of this case following an order of discharge.

14. Given the imminence of a foreclosure sale, there can be no long term benefit to any loan modification or other retention option the Debtor and Deutsche Bank might negotiate. Consequently, to enter into loss mitigation would be a waste of attorneys' fees and judicial resources.

15. In addition, Deutsche Bank objects to the Loss Mitigation Request because the only retention option that might be available to the Debtor is unlikely to be

feasible. Because Deutsche Bank is not charging interest on the Junior Note and the entire original principal balance has already come due, there is no loan modification option that Deutsche Bank could offer the Debtor. The only retention option that could be considered is a repayment plan, which would require a down payment of between 30% and 40% of the amount due, or between approximately $60,000 and $80,000.

16. A review of the SOAL reveals that the value of the Debtor's property, other than the Premises, is less that $5,000. Because the Debtor cannot afford the down payment required for a repayment plan, the repayment plan is unlikely to be feasible. Loss mitigation therefore, is not likely to result in a retention option.

WHEREFORE, Deutsche Bank respectfully requests that the Court enter an order denying the Debtor's request for loss mitigation, together with such other, further, or different relief as the Court may deem just in this matter.

DATED: April 10, 2018
         Garden City, New York

         By: */s/Ronald Howard*
         Ronald Howard, Esq.
         Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
         Attorneys for Deutsche Bank.
         100 Garden City Plaza
         Garden City, NY 11530
         Telephone 516-222-6200