| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **Hearing Date:** January 3, 2019<br>**Hearing Time:** 2:30 p.m. |
| In re:<br><br>BRUCE JOHNSON a/k/a BRUCE<br>DE-SHAWN JOHNSON,<br><br>              Debtor. | Case No.: 18-40920-nhl<br>Chapter 11<br><br>Assigned to:<br>Hon. Nancy Hershey Lord<br>Bankruptcy Judge |

## NOTICE OF MOTION FOR AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY IMPOSED BY BANKRUPTCY CODE §362(a)

**PLEASE TAKE NOTICE** that Franklin Credit Management Corporation, as servicer for Deutsche Bank National Trust Company, As Trustee, for Bosco Credit V Trust Series 2012-1 ("Movant"), by the undersigned attorneys, will move this Court on **January 3, 2019 at 2:30 p.m.** (the "Hearing Date") or as soon thereafter as counsel can be heard, before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, located at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271 Cadman Plaza East, Courtroom 3577, Brooklyn, New York 11201-1800, for an Order (i) pursuant to 11 U.S.C. §362(d)(1) terminating the automatic stay imposed against the Movant by Bankruptcy Code §362(a) as to movant's interest in the real property commonly known as 85 South Portland Avenue, Brooklyn, New York 12207, (ii) waiving the fourteen-day stay imposed by Bankruptcy Rule 4001(a)(3), (iii) approving Movant's request for attorney fees and costs incurred in connection with the motion, and (iv) for such other relief as the Court may deem proper.

**PLEASE TAKE FURTHER NOTICE** that answering and opposing papers, if any,

must be filed with the Court and served upon the undersigned no later than seven days before the Hearing Date.

Dated: Garden City, New York
December 14, 2018

/s/ Randy J. Schaefer
Randy J. Schaefer, Esq.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
Attorneys for Movant
100 Garden City Plaza
Garden City, NY 11530
Telephone 516-222-6200
R.Schaefer@bhpp.com

Debtor:
Bruce Johnson
66 West 38th Street Apt 12L
New York, NY 10018

Debtor's Counel
David J. Doyaga, Sr.
26 Court Street, Suite 1601
Brooklyn, NY 11242

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Entities Having Filed a Notice of Appearance:
Nationstar Mortgage LLC d/b/a Mr. Cooper
PO Box 619096
Dallas, TX 75261-9741

Shairo, DiCaro & Barak, LLC
Attorneys for Nationsar Mortgage LLC as Servicer for U.S. Bank
One Huntington Quadrangle, Suite 3N05
Melville, New York 11747
Attention: Alexandros E. Tsionis, Esq.

Cleo Green-Sharaf, Esq.
Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper
RAS Crane, LLC
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097

Hamilton Equity Group, LLC/assignee of HSBC Bank, USA
Attention: Matthew J. Szczepanski
P.O. Box 280
Buffalo, New York 14201-0280

All Creditors Listed on the Bankruptcy Petition

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

BRUCE JOHNSON a/k/a BRUCE
DE-SHAWN JOHNSON,

        Debtor.

Case No.: 18-40920-nhl
Chapter 11

Assigned to:
Hon. Nancy Hershey Lord
Bankruptcy Judge

**MOTION FOR AN ORDER GRANTING RELIEF
FROM AUTOMATIC STAY IMPOSED BY BANKRUPTCY CODE §362(a)**

Franklin Credit Management Corporation, as servicer for Deutsche Bank National Trust Company, As Trustee, for Bosco Credit V Trust Series 2012-1 ("Movant"), by and through its counsel, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., makes this motion (the "Motion") for an order pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure granting it relief from the automatic stay imposed by 11 U.S.C. § 362(a) and permitting the Movant to exercise all of its rights and remedies with respect to its second mortgage lien interest in the real property commonly known as 85 South Portland Avenue, Brooklyn, New York (the "Property"),[1] respectfully represents and states as follows:

1. On February 21, 2018 (the "Filing Date"), Bruce Johnson a/k/a Bruce De-Shawn Johnson (the "Debtor") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") and later the Chapter 13 case was converted to Chapter 11 case by this Court's Order entered July 16, 2018 (Dkt. No.40).

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is

---

[1] According to the Debtor's schedules, the Mortgage Premises is not the Debtor's principal residence.

1

proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

## BACKGROUND

3. The Movant derives its second-position secured status pursuant to a certain Note and Mortgage dated October 26, 2006, where American Brokers Conduit advanced sums to or for the benefit of the Debtor in the original principal amount of $200,000 under a fixed rate balloon note that matures in 2021. By Assignment of Mortgage dated October 12, 2017, the $200,000 Note and Mortgage were assigned to the Movant. A copy of the Note, Mortgage, and assignment is attached as **Exhibit A**.

4. On the same day, October 26, 2006, the Debtor also granted a first-position mortgage loan from American Brokers Conduit, in the amount of $1,000,000.00 which note and mortgage were ultimately assigned to U.S. Bank National Association as Indenture Trustee for Residential Loan Trust 2008-AH1 Mortgage-Backed Notes, Series 2008-AH1 ("US Bank"). US Bank filed a proof of claim in this case evidencing that the debt owed to it as of the Filing Date was $2,160,955.21 ("Claim No. 3")[2]. A copy of Claim No. 3 (without attachments) is attached as **Exhibit B.**

5. Pursuant to the terms and conditions of the Note and Mortgage, upon the Debtor's failure to cure any default thereunder, which includes non-payment of amounts due, the Movant is entitled to accelerate the loan balance and foreclose on the Property. According to the Motion for Relief from Stay Worksheet (the "Worksheet"), as of December 12, 2018, the Debtor is due for 10 post-petition interest –only mortgage payments in the monthly amount of $1,866.96 totaling $18,669.60. A copy of the Worksheet is attached as **Exhibit C.**

---

[2] Bankruptcy Code §502(a) provides that a claim or interest, proof of which is filed under §501 is deemed allowed, unless a party in interest objects. According to the case docket, no objection to Claim No. 3 has been filed.

2

## BASIS FOR RELIEF

### 11 U.S.C. §362(d)(1)

6. Bankruptcy Code § 362(d)(1) provides, in pertinent part, that the Court *shall* grant relief from the stay imposed by § 362(a) "for cause, including lack of adequate protection of an interest in property..." 11 U.S.C. § 362(d)(1). Failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. *See In re Taylor*, 151 B.R. 646 (E.D.N.Y.1993); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); *In re Frascatore*, 33 B.R. 687 (Bankr. E.D. Pa. 1983).

7. The party seeking relief from the automatic stay has the initial burden of establishing "cause." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002). Once the movant establishes a *prima facie* case of cause to lift the stay, the burden shifts to the debtor. *Id.*

8. As set forth in the Worksheet, the Debtor has failed to tender a single post-petition payment notwithstanding that this case has been pending for more than 10 months. In addition, the Debtor's request for loss mitigation was denying by Order of this Court entered on June 21, 2018 (Dkt. No. 38). Since the denial of loss mitigation, the Debtor still has not tendered post-petition payments.

### 11 U.S.C. §362(d)(2)

9. Bankruptcy Code §362(d)(2) provides that the court shall grant relief from the stay . . . "with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization..."

3

10. In *United Sav. Ass'n of Tex v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assoc., Ltd.)*, 484 U.S. 365, 375-76 (1988), in the context of a Chapter 11 bankruptcy case, the United States Supreme Court explained that the term "necessary to an effective reorganization" in Bankruptcy Code §362(d)(2)(B) means there "must be a reasonable possibility of a successful reorganization within a reasonable time," and that the property at issue is necessary to that reorganization.

11. In *In re Timbers of Inwood Forest Assocs., Ltd.*, the United States Supreme Court further provided:

> it is the burden of the debtor to establish that the collateral at issue is "necessary to an effective reorganization." 11 U.S.C. § 362(g). What this requires is not merely showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.*
> *In re Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. at 375-76 (emphasis in the original)

12. Here, when considering the $2,160,955 proof of claim filed by US Bank plus the outstanding amount owed to the Movant of $200,301, and comparing same to the estimated fair market value of the Property of $1,794,000,[3] there is no equity in the Property.

13. In addition, it is submitted that the Debtor is unable to satisfy his burden of proving that the Mortgage Premises is necessary to an effective reorganization. The total amount owed to Movant exceeds $200,000 and according to U.S. Bank's proof of claim, the pre-petition arrears owed to it exceeds $1.2 million dollars. Based upon the Debtor's Schedule I that reflects his net monthly income of $4,270, it is not likely that reorganization is *in prospect.*

14. Movant respectfully requests that this Court award attorney fees and costs incurred in connection with the instant motion, pursuant to the terms of the Note and Mortgage.

---

[3] A debtor's valuation of [his] on property in [his] schedules is admissible evidence of valuation. See *In re Margaret A. Bertran*, Case No. A12-00501-GS (Bankr. D. Alaska 2012). See also *In re Shekard*, 386 BR 118, 130 (Bankr. E.D. Pa. 2008)(citing *In re Davis*, 17 BR 547, 548 (Bankr. W.D. No. 1982).

4

The Mortgage provides that Movant shall be reimbursed for appropriate amounts, including reasonable attorney's fees, incurred to protect Movant's interest in the Property, which is secured by the Note and Mortgage.

15. A copy of a proposed Order granting the relief sought by Movant is annexed to this motion as **Exhibit D.**

**WHEREFORE**, Movant respectfully requests that an Order be granted

a. terminating the automatic stay immediately as to Movant's interest in the Property;

b. approving Movant's request for attorney fees and costs incurred in connection with the instant motion; and

c. such other, further and different relief as the Court may deem just in this matter.

DATED: Garden City, New York
December 14, 2018

/s/ *Randy J. Schaefer*
Randy J. Schaefer
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
Attorneys for Movant
100 Garden City Plaza
Garden City, NY 11530
Telephone 516-222-6200
R.Schaefer@bhpp.com